IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE ALFRED IZEN, JR. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | C.A. NO. 4:23-cv-2028 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2003-2; BY AND THROUGH ITS SERVICER SELECT PORTFOLIO SERVICING, INC. | § § § § § § § | |
| Defendants | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Deutsche Bank National Trust Company, as Trustee for Registered Holders of Long Beach Mortgage Loan Trust 2003-2 ("Trustee") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants") through undersigned counsel, hereby remove this case from the District Court of Harris County, Texas, 151st Judicial District, to the United States District Court for the Southern District of Texas, Houston Division. Defendants deny the allegations of the Complaint and the damages contained therein, and file this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in state or federal court.

**I.    INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION**

1.    On or about May 31, 2023, Plaintiff Joe Alfred Izen, Jr. ("Plaintiff") commenced this action by filing a Petition, Cause No. 2023-33484 (the "Complaint"), In the District Court of Harris County, Texas, 151st Judicial District (the "State Court Action"). See Exhibit C-1. Defendants filed an answer to the Complaint on June 2, 2023, in the State Court Action. See Exhibit C-2. Pursuant to 28 U.S.C. § 1446(b) of the Federal Rules of Civil Procedure, this Notice

of Removal is timely filed within thirty days of Defendants' first receipt of the initial state court pleading.

## II. PLEADINGS AND NOTICE TO STATE COURT

2. True and correct copies of all process and pleadings in the State Court Action are being filed along with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

3. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

4. This civil action involves a controversy between citizens of different states. Plaintiff is a citizen of the State of Texas as he is domiciled in the state of Texas. (Compl. ¶1).

5. Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980).

6. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. 546 U.S. at 307; *see* U.S.C. § 1348 (2006). Deutsche Bank National Trust Company is now and was at the commencement of this action and all intervening times, a corporation organized under the laws of the state of New York, with its principal place of business in California. A corporation is a citizen of its state of incorporation and the state of its principal place of business, which is where the high level officers direct, control and coordinate the corporation's activities. 28 U.S.C. § 1332(c); *Hertz Corp. v. Fr*i*end*, 130 S.Ct. 1181, 1185 (2010). Since Plaintiff is a citizen of Texas and Trustee is a citizen of New York or California, for diversity purposes complete diversity exists among the parties.

7. Defendant, Select Portfolio Servicing, Inc., is a Utah Corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center"). 28 U.S.C. §1332(c)(1). Defendant is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

8. Since Plaintiff is a citizen of Texas and all named defendants are citizens of states other than Texas, complete diversity of citizenship exists.

**B. Amount in Controversy**

9. This case places an amount in controversy that exceeds the $75,000 threshold. The loan at issue is secured by real property located at 6433 Roos Road, Houston Texas 77074 (the "Property"). *See* Complaint at ¶1; Exhibit C-1.

10. The Complaint alleges that foreclosure by Trustee is precluded by the statute of limitations. Therefore, Plaintiff seeks to divest Trustee of its rights as mortgagee under the subject

loan secured by the Property. Because the collateral securing the subject loan is worth no less than $204,655.00 and the amount in controversy can be no less than $204,655.00 per the Harris County Appraisal District, it is apparent from the Complaint that the jurisdictional threshold is satisfied.

11. Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[1] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[2]

12. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[3] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[4] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[5]

13. To that end, the value of the collateral is no less than $204,655.00, according to the Harris County Appraisal District which meets the amount in controversy requirements for diversity jurisdiction. *See* Exhibit D.

## V. JURY DEMAND

14. Plaintiff has made no known jury demand.

---

[1] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (citing *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[2] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[3] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[4] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[5] *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).

## VI. CONCLUSION

For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

>Respectfully submitted,
>
>HIRSCH & WESTHEIMER, P.C.
>
>By: /s/ Michael F. Hord Jr.
>Michael F. Hord Jr.
>State Bar No. 00784294
>Eric C. Mettenbrink
>State Bar No. 24043819
>1415 Louisiana, 36th Floor
>Houston, Texas 77002
>Telephone: (713) 223-5181
>Facsimile: (713) 223-9319
>mhord@hirschwest.com
>
>**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2023, a true and correct copy of Defendants' Notice of Removal was forwarded as follows:

>Joe Alfred Izen, Jr.
>Attorney for Plaintiff
>5526 McKnight Street
>Houston, Texas 77035
>jizen@comcast.net
>**Via Email and ECF**

>/s/ Michael F. Hord Jr.
>Michael F. Hord Jr.

20060161.20230353/5118780.1