United States District Court
Southern District of Texas
**ENTERED**
October 02, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE ALFRED IZEN, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-2028 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The defendants, Deutsche Bank National Trust Company and Select Portfolio Servicing, Inc., removed this case on the basis of diversity jurisdiction. (Docket Entry No. 1). The plaintiff, Joe Alfred Izen, Jr., moves to remand. (Docket Entry No. 5). The issue is whether the court from which the case was removed, the 333rd Judicial District Court of Harris County, Texas, has prior exclusive jurisdiction. The court holds that it does, and accordingly grants the motion to remand.

**I.    Background**

This controversy began in February 2014, when Deutsche Bank applied to the 333rd Judicial District Court for an order allowing it to foreclose on a lien it held on the home of Afton Jane Izen, the plaintiff's sister. (Docket Entry No. 5-6). Deutsche Bank non-suited the action in November 2015. (Docket Entry No. 5-11). In February 2018, Deutsche Bank filed another action in the 333rd Judicial District Court, again seeking to foreclose on Ms. Izen's home. (Docket Entry No. 5-15). A month before her death, Ms. Izen granted her brother power of attorney. (Docket Entry No. 5-18 at 2). Mr. Izen conveyed his sister's home by special warranty deed a few days

before her death. (Docket Entry No. 5-19 at 2; Docket Entry No. 5-20). Deutsche Bank added Mr. Izen as a defendant in the foreclosure action.

In May 2023, Mr. Izen filed his own action, which he calls his "independent suit," against Deutsche Bank in Texas state court, alleging that foreclosure is barred by the statute of limitations. (Docket Entry No. 5-23 at 12–13). The action was promptly transferred to the 333rd Judicial District Court of Harris County. (Docket Entry No. 5-21). Mr. Izen then moved to dismiss Deutsche Bank's suit, arguing that his "independent suit" mandated dismissal under Texas Rule of Civil Procedure 736.11.[1] (Docket Entry No. 14-2 at 2–3). Deutsche Bank removed Mr. Izen's "independent suit" to this court on the same day that Mr. Izen filed his motion to dismiss, which is still pending.

Mr. Izen moves to remand on the following grounds: (1) Deutsche Bank waived its right to remove by filing its action in state court and participating extensively in that action; (2) removal became unavailable once Izen's "independent suit" was transferred to the 333rd Judicial District Court; (3) the property's occupant is an "indispensable party" whose joinder destroys complete diversity; and (4) the 333rd Judicial District Court has exclusive in rem jurisdiction over "the

---

[1] Rule 736.11 provides, in relevant part:

> (a) A proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale.
>
> . . .
>
> (c) Within ten days of filing suit, the respondent must file a motion and proposed order to dismiss or vacate with the clerk of the court in which the application was filed giving notice that respondent has filed an original proceeding contesting the right to foreclose in a court of competent jurisdiction. If no order has been signed, the court must dismiss a pending proceeding. If an order has been signed, the court must vacate the Rule 736 order.

res"—i.e., "Deutsche Bank's alleged home equity lien on 6433 Roos Road and that lien's enforcement." (Docket Entry No. 5 at 12). Mr. Izen's last argument is meritorious.

## II.     Legal Standard

When a court of competent jurisdiction assumes jurisdiction over an action in rem, no other court may exercise concurrent jurisdiction "in rem or quasi in rem respecting the same property until the first court's jurisdiction is properly terminated." *Key v. Wise*, 629 F.2d 1049, 1059 (5th Cir. 1980). This rule is "especial[ly] important[t] in its application to Federal and state courts." *Id.* (quoting *Farmers Loan & Trust Co. v. Lake St. Elevated R. Co.*, 177 U.S. 51, 61 (1990)). The rule "is not 'restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected.'" *First Nat. Bank v. Charles Broadway Rouss, Inc.*, 61 F.2d 489, 491 (5th Cir. 1932) (quoting *Farmers Loan & Trust Co.*, 177 U.S. at 61). An action "to foreclose a specific lien" is an action in rem. *See Bryan v. Speakman*, 53 F.2d 463, 466 (5th Cir. 1931); *Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 745, 758 (Tex. App.—El Paso 2022, no pet.) ("In general, an action to foreclose on a lien is an 'in rem' proceeding . . . .").

## III.    Analysis

The 333rd Judicial District Court has prior exclusive jurisdiction. Deutsche Bank filed its action in state court in February 2018, long before this case was removed to this court. That action, "to foreclose a specific lien," is an action in rem. The 333rd Judicial District Court acquired jurisdiction "when the petition was sanctioned by the judge of that court, ordered filed, and filed."

*Bryan*, 53 F.2d at 466. This case is also an action in rem concerning the same property. (*See* Docket Entry No. 1-4 at ¶¶ 7–8); *see Sloan v. Thompson*, 4 Tex. Civ. App. 419, 424 (1893, no writ) (an action to remove clouds on title is "a proceeding in rem"). Accordingly, the 333rd Judicial District Court's first-acquired jurisdiction over the res precludes this court's exercise of jurisdiction.

The court is unpersuaded by the defendants' arguments that the doctrine of prior-exclusive-jurisdiction does not apply. The defendants note that Mr. Izen seeks dismissal of Deutsche Bank's action, (Docket Entry No. 14 at 2–3), but that is immaterial to whether the state court has exclusive jurisdiction. Mr. Izen's motion to dismiss is pending, and the case is still active.

The defendants also rely on *U.S. Bank N. A. as Tr. of Holders of J.P. Morgan Mortgage Acquisition Tr. 2006-WMC4 Asset Backed Pass-Through Certificates, Series 2006-WMC4 v. Morris*, 2019 WL 5595235, at *3 (W.D. Tex. Oct. 30, 2019), *report and recommendation adopted sub nom. U.S. Bank N.A. v. Morris*, 2019 WL 8501026 (W.D. Tex. Nov. 19, 2019). In that case, the Western District of Texas held that the doctrine of prior-exclusive-jurisdiction did not bar federal jurisdiction despite identical earlier-filed state actions because (1) the state-court actions had since been closed, and (2) Texas Rule of Civil Procedure 736.9 provides that "[a]n order granting or denying a foreclosure order 'is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding.'" *Id.* at *3. The court disagrees with *U.S. Bank*'s holding that Rule 736.9 allows federal courts to exercise concurrent in-rem jurisdiction with Texas courts. "The existence of federal jurisdiction is a matter of federal, not state law." *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 829 (1969). State law cannot expand federal jurisdiction. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954) ("A state 'legislature may not make a federal district court, a court of original jurisdiction,

4

into an appellate tribunal or otherwise expand its jurisdiction.'"); *Woods Bros. Const. Co. v. Yankton Cnty., S.D.*, 54 F.2d 304, 308 (8th Cir. 1931) ("[T]he jurisdiction of the federal court is prescribed by the Constitution and acts of Congress and cannot be restricted or enlarged by the statutes of a state or decisions of state courts."). Further, preclusive doctrines like res judicata and collateral estoppel are not jurisdictional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("Preclusion, of course, is not a jurisdictional matter."); *Patterson v. United HealthCare Ins. Co.*, 76 F.4th 487, 495 (6th Cir. 2023).

### IV.     Conclusion

The motion to remand is granted.

SIGNED on October 2, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge